IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) CASE NO. 2:05 CV 1088-F |
| CONEXANT SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) ) |

### CONEXANT SYSTEMS, INC.'S ANSWER TO COMPLAINT

Defendant **Conexant Systems, Inc.** responds to the specific paragraphs of the Verified Complaint of plaintiff Conference America, Inc. as follows:

### I.     Introduction.

1. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

### Parties, Jurisdiction , and Venue.

### The Parties.

2. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

{B0558240}

3. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

4. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

5. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

**Federal Jurisdiction.**

6. This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

**Venue.**

7. Conexant admits that it engaged in two "Price Protection Program Agreements" with the plaintiff, but denies sentence 2 of this paragraph.

8. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

9. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

10. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

11. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

12. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

## Factual Allegations.

## Conference America's Service Rates.

14. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

15. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

16. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

17. Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

18. Conexant admits the averments relative to the documents as described in this paragraph.

19. Conexant admits the averments relative to the documents as described in this paragraph.

20. Conexant admits the averments relative to the documents as described in this paragraph.

21. Admitted.

22. Admitted.

23. Conexant admits the averments of this paragraph relative to the communications as described in the paragraph, but denies the averment that Conexant was obligated to pay according to the plaintiff's website information.

24. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

### Conexant's Acknowledgment of Termination.

25. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself. Conexant denies that it "incorrectly stated" anything as averred in this paragraph.

26. Conexant denies that it understood and agreed to pay any raised prices after the communication described in this paragraph. Conexant representatives did not review the plaintiff's website information and did not believe that the parties had agreed on a new price.

27. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

**Conexant's Acknowledgment of (1) the Post Termination Price Change and (2) its Obligation to Pay Conference America Accordingly.**

28.     Conexant denies that it understood and agreed to pay any raised prices after the communication described in this paragraph.  Conexant representatives did not review the plaintiff's website information and did not believe that the parties had agreed on a new price.

**Conexant's Request that Conference America Terminate All Accounts.**

29.     Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

30.     Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.  Conexant admits that, in retrospect, the plaintiff's website apparently does contain this information.

31.     Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.  Conexant did not agree to a deactivation service cost of $74.95 per all the accounts that were deactivated.

32.     Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

**Conexant's Refusal to Pay Conference America.**

33. Conexant denies that it "refused" to pay any legitimate bills based on agreed upon prices. Conexant admits that the actual invoices submitted have the amounts listed in this paragraph.

34. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

**Conexant's First Attempt to Pay Conference America.**

35. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

**Conexant's Second Attempt to Pay Conference America, and its Representation that it Paid its June Bill.**

36. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

37. Admitted to the extent that the e-mail exists and speaks for itself.

38. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or letter or invoice exists and speaks for itself.

39. Conexant denies this paragraph regarding what Conexant understood after the communication described in the paragraph, but admits that the referenced e-mail or

{B0558240}                                          6

letter or invoice exists and speaks for itself. Conexant denies that it acknowledged an agreement as to any alleged rate increase.

    40.    Admitted.

    41.    Denied.

### Count I – Breach of Contract.

    42.    This paragraph does not appear to require a specific response under Federal Rule of Civil Procedure 8(b), as it does not appear to be a "claim" or "averment" pursuant to that Rule.

    43.    Admitted to the extent that the contracts exist and speak for themselves.

    44.    Conexant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

    45.    Denied.

    46.    Denied.

    47.    Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims in the plaintiff's Complaint are subject to arbitration according to the Amendment to the Price Protection Program Agreement between Conexant Systems, Inc. and Conference America, Inc., signed by appropriate representatives of Conference America, Inc. and Conexant Systems, Inc. on November 21, 2003 and November 24, 2003. (See attached Exhibit "A", p. 2, ¶ 13 addressing "Dispute Resolution." Conexant Systems, Inc. reserves its right to seek arbitration per said agreement.

### Second Affirmative Defense

Conexant Systems, Inc. denies that it is liable for breach of contract as alleged in the plaintiff's Complaint.

### Third Affirmative Defense

The plaintiff is seeking to impose deactivation fees with respect to a number of accounts which had previously been deactivated, and said deactivation fees are being improperly sought by the plaintiff.

### Fourth Affirmative Defense

The Complaint fails to state a claim or cause of action against Conexant upon which relief may be granted.

### Fifth Affirmative Defense

Conexant pleads the general issue.

### Sixth Affirmative Defense

Plaintiff has failed to comply with all applicable conditions precedent.

### Seventh Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Waiver and/or Estoppel.

### Eighth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Consent and Acquiescence.

### Ninth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Laches.

### Tenth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Unclean Hands.

### Eleventh Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred or pre-empted, or governed, in whole or in part, by California law.

### Twelfth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Ratification.

### Thirteenth Affirmative Defense

Plaintiff has failed to mitigate any actual damages that it may have incurred.

### Fourteenth Affirmative Defense

At all times, Conexant acted in good faith and in compliance with all applicable terms and conditions.

### Fifteenth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Unjust Enrichment.

### Sixteenth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Doctrine of Accord and Satisfaction.

### Seventeenth Affirmative Defense

Some or all of plaintiff's claims and causes of action against Conexant are barred, in whole or in part, by the Statute of Frauds and/or Parole Evidence Rule.

### Eighteenth Affirmative Defense

Venue is not proper in this Court.

### Nineteenth Affirmative Defense

Some or all of the alleged contractual provisions plaintiff relies upon are contrary to law or public policy or are otherwise not enforceable.

### Twentieth Affirmative Defense

Some or all of plaintiff's claims are barred by the applicable Statute of Limitations.

### Twenty-First Affirmative Defense

There was a failure of consideration between the plaintiff and Conexant barring plaintiff from recovery.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred because Conexant has not breached the agreements in question in any way.

### Twenty-Third Affirmative Defense

Some or all of plaintiff's claims are barred by the Doctrine of Quantum Meruit.

**Twenty-Fourth Affirmative Defense**

Some or all of plaintiff's claims for damages are barred because plaintiff has been paid by Conexant.

**Twenty-Fifth Affirmative Defense**

The Terms and Conditions on Conference America's website and referred to in the Complaint may be contrary to applicable law and unconscionable.

**Twenty-Sixth Affirmative Defense**

Conexant expressly reserves the right to amend its Answer to add defenses which may become available to it as discovery progresses.

 

s/W. Stancil Starnes
s/Joseph S. Miller
s/Alicia M. Harrison
W. Stancil Starnes, asb-1922-e57w
Joseph S. Miller, asb-4242-m60J
Alicia M. Harrison, asb-9024-d53a
Attorneys for Defendant
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL  35259-8512
Telephone:(205) 868-6049
Facsimile: (205)868-6099
E-mail:wss@starneslaw.com;
jsm@starneslaw.com;
amh@starneslaw.com

{B0558240}                                                    11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to he following:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA  30308-2216

                                            Respectfully submitted,

                                            **s/W. Stancil Starnes**
                                            **s/Joseph S. Miller**
                                            **s/Alicia M. Harrison**
                                            W. Stancil Starnes, asb-1922-e57w
                                            Joseph S. Miller, asb-4242-m60J
                                            Alicia M. Harrison, asb-9024-d53a
                                            Attorneys for Defendant
                                            STARNES & ATCHISON, LLP
                                            Post Office Box 598512
                                            Birmingham, AL  35259-8512
                                            Telephone:(205) 868-6049
                                            Facsimile: (205)868-6099
                                            E-mail:wss@starneslaw.com;
                                            jsm@starneslaw.com;
                                            amh@starneslaw.com