# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO. 2:05 cv 1088-WKW |
| CONEXANT SYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

### DECLARATION OF THOMAS NOONAN

1. My name is Thomas Noonan. I am over the age of nineteen years (19). I am the Director, Sourcing and Logistics for Conexant Systems, Inc. I am familiar with the allegations in this lawsuit. I have personal knowledge of the matters hereinafter set forth.

2. Conexant and Conference America, Inc. had an Audio Conferencing Contract in place, as amended, since 1999. During the course of Conexant's contractually-governed relationship with Conference America, Inc., Conexant gave various instructions for conferencing accounts to be canceled or turned off and to my knowledge, Conference America, Inc. never sought to impose any "deactivation fee" for cancelling any accounts.

3. I sent a letter dated July 15, 2005, to Conference America, Inc., which is attached as Exhibit "M" to the plaintiff's Verified Complaint. In that letter, I instructed

{B0602939}

EXHIBIT "1"

Conference America to cancel all of Conexant's conferencing accounts as of July 31, 2005, and that "all services for these accounts are to be made inactive/unavailable on that date." Although this Audio Conferencing Contract had been terminated by Conference America, Inc., as of July 10, 2005, my instruction to cancel applied to all accounts that had been created under the Audio Conferencing Contract, which contained <u>no</u> provision that a "deactivation fee" would be applied.

4. When I sent the instruction via my correspondence of July 15, 2005 to cancel all Conexant's conferencing accounts, I did not know about, and had never agreed to, on behalf of Conexant, any sort of "deactivation fee". Conexant never agreed to a deactivation fee being applied to the disconnecting of any Conexant conferencing accounts. To my knowledge, no negotiation of any sort had ever been conducted concerning this.

5. There was never any agreement between Conexant and Conference America, Inc. regarding any "deactivation fee" which would be applied to Conexant conferencing accounts which had been created pursuant to the Audio Conferencing Contract. To the contrary, the Audio Conferencing Contract is silent regarding deactivation fees and contained an "entire agreement" or integration clause, thus confirming that there was <u>no</u> agreement that a "deactivation fee" would ever be applied to any of the conferencing accounts created pursuant to the Audio Conferencing Contract. (<u>See</u> Exhibit "B" to Verified Complaint, last page.)

{B0602939}

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration is executed in Newport Beach, California on this 15 day of June, 2006.

CONEXANT SYSTEMS, INC.

By: _____
Thomas Noonan
Director, Strategic Sourcing & Logistics

{B0602939}