# EXHIBIT "4"

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.:  2:05cv1088-WKW |
| | ) | |
| CONEXANT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFERENCE AMERICA, INC.'S RESPONSES TO CONEXANT'S INTERROGATORIES

Conference America, Inc. ("Conference America") responds to Defendant Conexant Systems, Inc.'s ("Conexant's") interrogatories as follows.

## PRELIMINARY STATEMENT

(a)    The following responses and objections to Conexant's Interrogatories are based upon information presently available to Conference America, which Conference America believes to be correct. Said responses are made without prejudice to Conference America's right to utilize subsequently-discovered facts or documents. Responses to these Interrogatories may be supplemented upon Conference America's further investigation and acquisition of information or documents that Conference America either does not possess or cannot locate at this time. However, any such further

EXHIBIT
"4"

supplementation shall only be made in accordance with the requirements of the Federal Rules of Civil Procedure. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do or do not exist.

(b)     Conference America shows that these responses are true and correct to the best of its knowledge. However, the responses are not based solely on the knowledge of the executing party, but include information obtained by and through Conference America's agents and attorneys.

(c)     This Preliminary Statement is incorporated in each of the responses set forth below.

## GENERAL OBJECTIONS

1.     Conference America objects to providing any information that constitutes attorney-client communications.

2.     Conference America objects to providing work product information prepared in anticipation of litigation.

3.     Conference America objects to providing any information that constitutes opinion work product.

4.     Conference America objects to this Interrogatory to the extent that Conexant

has already propounded the maximum number of Interrogatories allowed to it under Fed.

R. Civ. P. 33.

5.     Conference America objects to any and all interrogatories that ask for "all"

information or documents on a given matter.  It would be unduly burdensome for

Conference America to state every fact upon which its contentions may be based.

Conference America specifically reserves the right to rely upon additional facts or

evidence discovered up to and including the trial of this case.

6.     These General Objections are incorporated in each of the responses set forth

below.

## Conference America's Responses to Conexant's Interrogatories

## INTERROGATORY NO. 1:

State the full name, job title, duties and responsibilities of employment for the
person answering these interrogatories.

**ANSWER:**  Robert M. Pirnie, President, Conference America.  Responsible for

operations and activities of Conference America, Inc.

## INTERROGATORY NO. 2:

Identify each and every person known to you and your attorneys to have personal knowledge concerning the allegations of your Verified Complaint and the claims asserted therein, including in your answer for each such individual, his or her full name, residence address and telephone number.

**ANSWER:** Conference America objects to this interrogatory to the extent that it seeks the disclosure of the personal telephone numbers of Conference America's employees, which are irrelevant to this matter. Without waiving this objection, Conference America identifies the following individuals—besides legal counsel—who are employees of Conference America, and who therefore may only be contacted through counsel for Conference America: Robert M. Pirnie, 587 Timberlane Road, Pike Road, AL 365064; Rob Pirnie 2635 Boykin Place, Montgomery, AL 36117; Zach Vogelgesang 1908 Norman Bridge Court, Montgomery, AL 36104; Greg Folkes 2612 Crossgate Trail, Montgomery, AL 36117; Reed Karle 1963 Woodrun Drive, Montgomery, AL 36117; and Audria Carr, 1405-D Watson Avenue, Montgomery, AL 36106.

In addition to its employees, Conference America identifies the following individuals, for which it does not currently have residence addresses or telephone numbers: Ron Stroh, Thomas C. Noonan, Paul Edge, Melissa Spence, Brigette McNair, Jason Shanks, Will McQueen, and Jeff Reid.

**INTERROGATORY NO. 3:**

For each witness you intend to call at the trial of this case to offer expert testimony, state the following:

(a)    His or her name, business address, employer's name and the subject matter on which the expert witness is expected to testify;

(b)    The substance of the facts and opinions to which the witness is expected to testify;

(c)    A summary of the grounds for each such opinion; and

(d)    List all qualifications of the witness which you contend should permit the witness to offer such expert testimony.

**ANSWER:**  Conference America has not yet decided which experts, if any, to call at the time of trial.

**INTERROGATORY NO. 4:**

Identify each and every contract and contract provision which you contend the defendant breached, and the manner in which you contend said contract provision was breached.

**ANSWER:**  Conexant has breached the terms of the Terms and Conditions set forth on Conference America's website, and which governed all dealings between Conference America and Conexant that occurred after the termination of the Audio Conferencing Contract, by failing to perform its obligations under the Terms and Conditions—specifically by refusing to pay the bill for services that Conference America rendered to it for the period July 11-31, 2005.

**INTERROGATORY NO. 5:**

Identify each fact that supports your claim for breach of contract against the defendant, as outlined in your Verified Complaint.

**ANSWER:** See Conference America's Verified Complaint and the exhibits attached to it.

**INTERROGATORY NO. 6:**

Do you contend that the Terms and Conditions attached to your Verified Complaint as Exhibit A is a binding contract? If so, please explain why?

**ANSWER:** The Terms and Conditions set forth on Conference America's website governed Conference America's provision of services to Conexant, and Conexant's receipt of and payment for those services, because the Audio Conferencing Contract entered into by Conference America and Conexant had been terminated.

**INTERROGATORY NO. 7:**

Who authored the Terms and Conditions attached as Exhibit A to your Verified Complaint? When was it drafted?

**ANSWER:** Conference America objects to this interrogatory to the extent that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that its legal counsel authored the Terms and Conditions attached as Exhibit A to the Verified Complaint in 2003.

## INTERROGATORY NO. 8:

Do you always abide by every single term and condition contained in the Terms and Conditions document attached as Exhibit A to your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory to the extent that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that its intention is to comply with the Terms and Conditions attached as Exhibit A to the Verified Complaint, unless they are superseded by another contract provision.

## INTERROGATORY NO. 9:

Did you check or investigate in any way the defendant's financial status and credit history, as outlined in paragraph 6 of the Terms and Conditions document attached as Exhibit A to your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory to the extent that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it is unaware of any such investigation.

**INTERROGATORY NO. 10:**

What did you do to determine whether the defendant in any way accepted the Terms and Conditions attached as Exhibit A to your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory to the extent that it seeks a legal conclusion. Without waiving this objection, Conference America states that it repeatedly notified Conexant—in writing—that, following the termination of the parties' Audio Conferencing Contract, all services that Conference America rendered to Conexant would be governed by the Terms and Conditions appearing on Conference America's website. Conexant nevertheless subsequently asked Conference America to continue providing services to Conexant, including the deactivation of accounts, following Conference America's termination of the Audio Conferencing Contract.

**INTERROGATORY NO. 11:**

What evidence do you have to suggest or indicate in any way that the defendant read the Terms and Conditions before submitting an account application?

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it has no evidence that Conexant read the Terms and Conditions before submitting an account application.

**INTERROGATORY NO. 12:**

What evidence do you have to suggest or indicate in any way that the defendant clicked on the button marked "I Agree" as outlined in the Terms and Conditions attached as Exhibit A to your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it has no evidence that the defendant clicked on the button marked "I Agree" as outlined in the Terms and Conditions attached as Exhibit A to the Verified Complaint.

**INTERROGATORY NO. 13:**

Do you claim that any specific written agreement signed by you and the defendant governs the deactivation fees which you are seeking to impose on the defendant? If so, please identify that written agreement with specificity.

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it is not claiming that any specific written agreement signed by it and the defendant governs the deactivation fees that Conference America is seeking to impose on the defendant.

**INTERROGATORY NO. 14:**

Why did you terminate the Audio Conferencing Contract, as stated in paragraph 23 of your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it believed that terminating the Audio Conferencing contract was in its best interests from a business standpoint.

**INTERROGATORY NO. 15:**

How was the amount of $74.95 calculated as an amount to charge for deactivating a leader account, as outlined in paragraph 5 of the Terms and Conditions attached as Exhibit A to your Verified Complaint.

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that it did not calculate this amount: it made a decision to set this amount as the standard charge for deactivating leader accounts.

**INTERROGATORY NO. 16:**

How long does it take to deactivate a leader account?

**ANSWER:**  Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Conference America states that it does not know how long it takes to deactivate a given leader account.

**INTERROGATORY NO. 17:**

How was the figure of $195,979.79 calculated, as outlined in your Verified Complaint?

**ANSWER:**    See the exhibits attached to Conference America's Verified Complaint, particularly the following:  X, Y, Z, CC, DD, and GG.

**INTERROGATORY NO. 18:**

How much of the above stated figure represents deactivation fees sought from the defendant?

**ANSWER:**  $146,453.95

**INTERROGATORY NO. 19:**

What actually must be done in order for an account to be deactivated?

**ANSWER:**  Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is

- 11 -

not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conference America states that, to deactivate an account, Conference America must take action in the reservation system, the billing system, and on the conference bridges.

## INTERROGATORY NO. 20:

Why did you allow the defendant to use your services after you terminated the Audio Conferencing Contract, as outlined in paragraphs 7 and 23 of your Verified Complaint?

**ANSWER:** Conexant asked Conference America to continue providing services to Conexant, including the deactivation of accounts, following Conference America's termination of the Audio Conferencing Contract. See the exhibits attached to Conference America's Verified Complaint, particularly the following: M, Q, R, S, and T.

## INTERROGATORY NO. 21:

How do you determine whether a customer has actually contractually agreed to abide by the Terms and Conditions on your website, including prices, as outlined in paragraph 15 of your Verified Complaint?

**ANSWER:** Conference America objects to this interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Conference America objects to this interrogatory on the grounds that it calls for a legal conclusion. Without waiving these objections, Conference America states that the Terms

and Conditions apply to Conference America's customers that it renders services to when no other agreement is in force.

## INTERROGATORY NO. 22:

What is the definition of a "leader account," as found in paragraph 5 of the Terms and Conditions attached as Exhibit A to your Verified Complaint?

**ANSWER:** A leader account is an account, established for each leader for each type of service requested for that leader. A single leader may have several leader accounts or a single leader account

This 2 day of March 2006.

As to Answers,

Robert M. Pirnie
President, Conference America, Inc.

Personally appeared before me, the undersigned officer, Robert M. Pirnie and, having sworn, states under oath that the facts in the within and foregoing Responses to Conexant's Interrogatories are true and correct to the best of his knowledge, information, and belief.

Sworn to and subscribed before me this
___2 day of ~~May, 2005.~~ MAACH, 2006 2nd

Notary Public
My Commission Expires    2/2/09
[SEAL]

As to objections,

TROUTMAN SANDERS LLP

Thomas E. Borton IV (BOR011)

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
(404) 962-6664 (fax)

Attorney for Plaintiff Conference
America, Inc.

- 15 -

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.:  2:05cv1088-WKW |
| | ) | |
| CONEXANT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2006, I caused a copy of the foregoing to be mailed to the following via Federal Express Overnight Mail:

W. Stancil Starnes, Esq.
Joseph S. Miller, Esq.
Alicia M. Harrison, Esq.
Starnes & Atchison LLP
Post Office Box 598512
Birmingham, AL 35259-8512

Thomas E. Borton IV (BOR011)