# EXHIBIT "8"

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:05 cv 1088-WKW |
| ) | |
| CONEXANT SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

### CONEXANT SYSTEMS, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Alabama, Northern Division, Defendant, Conexant Systems, Inc.("Conexant") hereby submits its responses to Conference America, Inc.'s ("CA") First Interrogatories. Conexant's responses reflect its understanding of the facts and circumstances as of the date set forth below.

### GENERAL RESPONSES

The following general responses are made with respect to each and every one of CA's First Interrogatories ("the Interrogatories"):

1.  Conexant's responses to the Interrogatories are not intended to be and shall not be deemed to be an admission of the matters stated, implied or assumed by any or all of the Interrogatories. In responding to the Interrogatories, Conexant does not waive and expressly reserves any and all objections to the authenticity, relevance, competency, materiality or admissibility at trial of any information or documents disclosed, set forth, identified, or referred to in these responses.

2.  Conexant reserves the right to modify or supplement its answers to these Interrogatories at any time.

EXHIBIT "8"

{B0589752}

3. Conexant's answers to the Interrogatories should be read in conjunction with, and are supplemented by, responsive information set forth in documents produced or any deposition testimony given by or on behalf of Conexant in this case. Such responsive information shall be deemed incorporated in Conexant's response to the Interrogatories without the need to serve supplemental responses hereto.

4. Inadvertent disclosure of any document or information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute a waiver of any such privilege or of any grounds for objection to discovery with respect to such information, the subject matter of the information, or of Conexant's right to object to the use of any such information during any subsequent proceeding in this action or elsewhere. Insofar as the inadvertent disclosure of any documents or information by Conexant may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that specific information.

## **GENERAL OBJECTIONS**

Conexant makes the following general objections with respect to each and every one of the Interrogatories.

1. Conexant objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and to the extent they purport to seek discovery beyond the limits permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Alabama, Northern Division.

2. Conexant objects to the Interrogatories to the extent they purport to call for the identification of documents and disclosure of information protected by the attorney-client privilege, any other privilege, the work product doctrine, or any other immunity.

3. Conexant objects to the Interrogatories to the extent that they are duplicative, cumulative, or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

4. Conexant objects to the Interrogatories to the extent that they exceed the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26 in that they otherwise seek identification of documents or disclosure of information not reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses at issue in this matter.

{B0589752}

5.  Conexant objects to the Interrogatories to the extent that they call for the identification of documents or the disclosure of information subject to confidentiality agreements, protective orders, and/or any other obligation by which Conexant is required to protect and/or maintain the confidentiality of any third party's documents or information.

6.  Conexant objects to the Interrogatories to the extent that they seek information that is not within Conexant's possession, custody, or control.

7.  Conexant objects to the Interrogatories with regard to their definition of "Conexant" or "you" or "your" (Paragraph 1) in that this definition is vague, ambiguous, overly broad, unduly burdensome, seeks potentially privileged information, and seeks information outside Conexant's possession, custody, and control.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the general objections stated above, Conexant further responds and objects to each interrogatory as follows:

**INTERROGATORY NO. 1:** Please state the full name, job title, and address of each person who assisted in preparing responses to (1) these interrogatories, (2) Conference America, Inc.'s First Request for Admission to Conexant Systems, Inc., and (3) Conference America, Inc.'s First Request for Production of Documents to Conexant Systems, Inc.

**RESPONSE TO INTERROGATORY NO. 1:**

Harshad R. Vaidya, Esq., Assistant General Counsel, c/o Conexant Systems, Inc., 100 Schulz Drive, Red Bank, New Jersey 07701; Tom Noonan, Director, Sourcing and Logistics, Conexant Systems, Inc., 4000 MacArthur Blvd., Newport Beach, CA 92660; Paul Edge, Manager, Global Telecommunications and Networking, Conexant Systems, Inc., 4000 MacArthur Blvd., Newport Beach, CA 92660; undersigned counsel for Conexant.

**INTERROGATORY NO. 2:** Please set forth each and every fact upon which you base each defense set forth in your answer.

**RESPONSE TO INTERROGATORY NO. 2:**

{B0589752}

Undersigned counsel for Conexant objects to this Interrogatory in that it is overly broad and vague, and because Conexant's previously filed Answer speaks for itself.

Subject to and without waiving its objections, Conexant responds that it never assented to the terms & conditions proposed by Conference America by referencing its terms and conditions appearing on its website, and therefor breached no contract. In addition, the number of active accounts purported to be deactivated by Conference America, and allegedly subject to a "deactivation fee," is inaccurate. Further, Conexant attempted to pay Conference America a reasonable amount for services rendered, based on past business practices and written agreement between Conexant and Conference America. Please see Answer filed by Conexant.

**INTERROGATORY NO. 3:** If you denied any of Conference America, Inc.'s First Request for Admission to you, please set forth the facts upon which each specific denial is based.

**RESPONSE TO INTERROGATORY NO. 3:**

Counsel for Conexant objects to this Interrogatory as overly broad and vague, and because Conexant's response to Conference America's Requests for Admission speak for themselves and comply with the applicable Federal Rule of Civil Procedure. Subject to and without waiving its objections, Conexant responds as follows: Request for Admission #3 was denied because Conexant never agreed to the terms of Conference America's terms and conditions on its website, and therefore no notification or objection to same was required. Nonetheless, Tom Noonan did notify Conference America, via correspondence date July 28, 2005 (Exhibit "V" to Complaint"), that Conexant did not agree to any new terms and conditions.

**INTERROGATORY NO. 4:** Please identify any documents (including but not limited to emails), records (electronic, paper, or otherwise), or things upon which you base any part of any of your defenses set forth in your answer and/or upon which you base each of your denials to any of Conference America Inc.'s First Request for Admissions to you.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see documents produced in response Conference America's Requests for Production, and documents attached to the Complaint.

{B0589752}

CONEXANT SYSTEMS, INC.

_____
PAUL EDGE, Manager, Global Telecommunications and Networking

STATE OF CALIFORNIA     )
ORANGE COUNTY          )

Before me, the undersigned, a Notary Public, in and for said County and State, personally appeared Paul Edge, who is known to me, who, after being duly sworn, deposes and says that he has read the above and foregoing Answers to Interrogatories, and that said facts stated therein are true to the best of his knowledge and belief.

Sworn to and subscribed before me this 20 day of April, 2006.

_____
Notary Public
My Commission Expires: 6-17-06

(OFFICIAL NOTARY SEAL)



TERRI A. APRATI
Commission # 1361429
Notary Public - California
Orange County
My Comm. Expires Jun 17, 2006

{B0589752}

Joseph S. Miller, MIL067<br>
Attorney for Defendant

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the 21st day of April, 2006.

OF COUNSEL

cc:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA 30308-2216

23024

{B0589752}