IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) )  CASE NO. 2:05 cv 1088-WKW |
| CONEXANT SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**MOTION TO STRIKE**

COMES NOW the defendant **CONEXANT SYSTEMS, INC.**, who moves this Court to strike Exhibit "3" attached to the plaintiff Conference America's Response in Opposition to Conexant's Motion for Summary Judgment. Alternatively, Conexant asks this Court to strike the internet hearsay pages which were attached to Exhibit "3" as Exhibit "2". Exhibit "3" is made up of eight pages of the deposition of Paine Bone. Exhibit "2" to that testimony are hearsay documents generated by Mr. Bone off the internet. In support of this motion, Conexant states the following:

1.  On p. 15 of its Response in Opposition to Conexant's Motion for Summary Judgment, the plaintiff Conference America, Inc. attempts to argue, "as a point of interest," that certain hearsay documents generated off the internet should be considered by this Court. Attached hereto as Exhibit "A" is the transcript from Mr. Bone's deposition, portions of which demonstrate the hearsay and unreliable nature of the documents. Mr. Bone printed these documents off a website called www.archive.org.

{B0614187}

He produced four pages that he obtained from this internet site. Conference America now seeks to employ these hearsay documents as some type of proof that the Conference America website contained the "deactivation fee" language in question on March 6, 2005, nearly five months before the deactivation of Conexant's 1,778 accounts occurred.

  2. Conference America produced Mr. Bone as its Rule 30(b)(6) corporate representative concerning its website and the terms and conditions contained therein. He testified in behalf of Conference America that he <u>cannot</u> produce a copy of the terms and conditions that existed on the Conference America website as of July 15, 2005 and July 20, 2005, when the instructions were sent to cancel/disconnect the Conexant accounts. He admitted that he does not know if the deactivation fee language was present on the Conference America website on those dates. (<u>See</u> attached Exhibit "A", deposition of Paine Bone, pp. 29.13-30.2). Furthermore, Mr. Bone confirmed, as the designated Conference America representative, that he cannot say when the deactivation fee language was first placed on the Conference America website. (<u>See</u> attached Exhibit "A", pp. 26.22-28.21). He confirmed that the Conference America computer system cannot provide this information. (<u>See</u> Exhibit "A", p. 26.16). He confirmed that Conference America has no internal documents which indicate when the deactivation fee was first inserted into the terms and conditions section of the website. (<u>See</u> Exhibit "A", pp. 26.3-26.15). Finally, he confirmed that he cannot attest to the reliability of the documents produced from this website. He knows nothing about this particular website, other than it purports to be able to perform historical searches on other websites. (<u>See</u>

Exhibit "A", pp. 18.13-19.1).  He admitted that he does not know how accurate this search result may be.  (See Exhibit "A", p. 22.2).

3. The documents produced by Mr. Bone at his deposition, and now attached to Exhibit "3" of Conference America's Response to Conexant's Motion for Summary Judgment, are hearsay pursuant to Fed. R. Evid. 801(c), and are therefore inadmissible pursuant to Rule 802.  As such, they should be struck and not be considered by this Court relative to Conexant's pending Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, the defendant Conexant Systems, Inc., seeks an Order from this Court striking Exhibit "3" from Conference America's Response in Opposition to Conexant's Motion for Summary Judgment, or at the very least, striking the four pages of hearsay documents attached to Exhibit "3" as Exhibit "2", as they are necessarily hearsay, inadmissible and cannot be considered by this Court.

>s/Joseph S. Miller
>Joseph S. Miller
>Attorney for Defendant
>ID #:  asb-4242-m60j
>STARNES & ATCHISON, LLP
>Post Office Box 598512
>Birmingham, AL  35259-8512
>Telephone:(205) 868-6049
>Facsimile: (205)868-6099
>E-mail:jsm@starneslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 19th 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to he following:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA  30308-2216

      Respectfully submitted,

      **s/Joseph S. Miller**
      Joseph S. Miller
      Attorney for Defendant
      ID #:  asb-4242-m60j
      STARNES & ATCHISON, LLP
      Post Office Box 598512
      Birmingham, AL  35259-8512
      Telephone:(205) 868-6049
      Facsimile: (205)868-6099
      E-mail:jsm@starneslaw.com