IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>CONEXANT SYSTEMS, INC., )<br>)<br>Defendant. ) | CIVIL ACTION<br>FILE NO:<br>2:05cv1088-WKW |

## CONFERENCE AMERICA'S RESPONSE BRIEF IN OPPOSITION TO CONEXANT'S MOTION TO STRIKE

### I.   INTRODUCTION

The Court should deny Conexant Systems, Inc.'s ("Conexant's") Motion to Strike Exhibit 3 to Conference America, Inc.'s ("Conference America's") Response in Opposition to Conexant's Motion for Summary Judgment because Exhibit 3 is not hearsay.  Exhibit 3 is the deposition transcript of Paine Bone, Conference America's Network Administrator.  Attached as Exhibit 2 to Exhibit 3 are printouts from www.archive.org, the "Internet Archive," which is a website that tracks changes to other websites.[1]  Mr. Bone provided these printouts in direct response to Conexant's request for documents to be produced at his deposition.

---

[1] (See Deposition of Paine Bone, Network Administrator, Conference America, attached to Conexant's Mot. to Strike as Ex. A, at Ex. 2.)

The archive.org printouts indicate that Conference America's website was last updated on March 6, 2005, and at least as of that date, contained the $74.95 deactivation fee that Conexant has refused to pay. This evidence directly refutes Conexant's contention that the deactivation fee was not posted on the website prior to July 25, 2006, the date on which a printed copy of the relevant webpage indisputably shows the fee.[2]

Conexant's contention regarding the posting date is actually irrelevant to the case. As discussed more fully in Conference America's Response to Conexant's Motion for Summary Judgment, it is the amount of the deactivation fee on July 31, the date that the deactivation service was performed, that determines what Conexant must pay. It is undisputed that the $74.95 fee was effective on July 31. Nevertheless, the archive.org printouts may be helpful to the Court as demonstrating that Conexant has *absolutely no* plausible argument, whether relevant or irrelevant, that the fee was not established in every manner needed to support summary judgment in Conference America's favor.

Although Conexant argues that the archive.org material is hearsay, a reading of Federal Rule of Evidence 801, which defines hearsay, and applicable case law demonstrates that, for two reasons, it is not. First, evidence cannot be hearsay unless it is a "statement." The archive.org pages that Conference America attached

---

[2] (See Ex. A to the Verified Complaint.)

to its Response are not "statements"; rather, they consist of archive.org's images of Conference America's website and a list of dates on which it was updated. Because these pages do not constitute a "statement," they cannot be hearsay. Second, hearsay must be generated by a "person," not a machine. The archive.org pages were generated by a computer, an Internet search engine, and therefore cannot be hearsay.

The archive.org materials are thus admissible evidence and the Court should deny Conexant's Motion to Strike.

## II.    ARGUMENT

### A.    The archive.org Printouts Are Not "Statements."

Under Federal Rule of Evidence 801, evidence cannot be hearsay unless it is a "statement":

> **Rule 801.    Definitions**
>
>    The following definitions apply under this article:
>
> (a) Statement.  A "*statement*" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
>
> (b) Declarant.  A "declarant" is a person who makes a statement.
>
> (c) Hearsay.  "Hearsay" is a *statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

(Emphases added.)  So the issue is whether or not the archive.org materials attached to Paine Bone's deposition transcript are "statements."  They are not.

A recent case, <u>Telewizja Polska v. USA, Inc. v. Echostar Satellite Corp.</u>,[3] is squarely on point with this issue.  In <u>Echostar</u>, the defendant attempted to introduce pages from www.archive.org, the Internet Archive, to demonstrate what the plaintiff's website looked like on various dates in 2001.[4]  The plaintiff filed a motion in limine to bar this material, arguing that it constituted double hearsay.[5]  But the federal district court disagreed:  "To the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all–and thus fall outside the ambit of the hearsay rule."[6]

Like the <u>Echostar</u> defendant, Conference America introduced archive.org pages to show *images* of Conference America's website, and a history of updates to it.[7]  The pages in question are not "statements" as defined by Rule 801(a)—i.e., oral or written assertions or nonverbal conduct of a person—and thus cannot be hearsay.  The Court should therefore deny Conexant's Motion to Strike.

---

[3] No. 02 C 3293, 2004 U.S. Dist. LEXIS 20845 (N.D. Ill. Oct. 15, 2004).
[4] <u>Id.</u> at *16, *18.
[5] <u>Id.</u> at *16.
[6] <u>Id.</u> (quoting <u>Perfect 10, Inc. v. Cybernet Ventures, Inc.</u>, 213 F.Supp. 2d 1146, 1155 (C.D. Cal. 2002).
[7] (<u>See</u> Pl.'s Resp. in Opp'n to Conexant's Mot. for Summ. J at 15-16.)

### B.  Computer-Generated Information Is Not Hearsay.

The archive.org materials that Conference America attached to its Response are also not hearsay because they were generated by archive.org's website—not a "person," as required by the Rule 801:

> (a) Statement.  A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a *person*, if it is intended by the *person* as an assertion.
>
> (b) Declarant.  A "declarant" is a *person* who makes a statement.
>
> (c) Hearsay.  "Hearsay" is a statement, other than one made by the *declarant* while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

(Emphases added.)  "[U]nder FRE 801(a), a statement is something uttered by 'a person,' so nothing 'said' by a machine . . . is hearsay."[8]

The archive.org materials attached to Paine Bone's deposition transcript were, as the URL codes appearing on each page indicate, generated by a computerized internet search engine.[9]  They are not the statements of a "person," but rather the product of an automated computer search.  They thus cannot be hearsay.[10]

---

[8] United States v. Khorozian, 333 F.3d 498, 506 (3rd Cir. 2003) (finding that fax header was not hearsay because it was not a statement made by a person) (quoting 4 Mueller & Kirkpatrick, Federal Evidence § 380, at 65 (2d ed. 1994)); State v. Holowko, 486 N.E.2d 877, 879 (Ill. 1985) (finding that printout of results of computerized telephone tracing equipment was not hearsay because it was not generated by a "human declarant," but rather by machinery).
[9] (See Bone Deposition, attached to Conexant's Mot. to Strike as Ex. A, at Ex. 2.)
[10] Holowko, 486 N.E.2d at 879 (finding computer-*generated* information to be non-hearsay, as opposed to information stored on the computer by out-of-court declarants).

### III.   CONCLUSION

The archive.org materials that Conference America attached to its Response to Conexant's Motion for Summary Judgment are not "statements," and were not generated by a "person." As a result, they are not hearsay. The Court should therefore deny Conexant's Motion to Strike and admit Paine Bone's deposition and Exhibit 2 thereto into evidence.

This 18th day of August 2006.

                                                TROUTMAN SANDERS LLP

                                                /s/ Thomas E. Borton IV
                                                Thomas E. Borton IV (BOR011)

| | |
|---|---|
| 5200 Bank of America Plaza | Attorney for Plaintiff Conference |
| 600 Peachtree Street, N.E. | America, Inc. |
| Atlanta, GA  30308-2216 | |
| (404) 885-3000 (telephone) | |
| (404) 962-6664 (fax) | |

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| | ) | FILE NO: |
| v. | ) | 2:05cv1088-WKW |
| | ) | |
| CONEXANT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I caused a copy of the foregoing to be mailed to the following via efile:

Joseph S. Miller, Esq.
Alicia M. Harrison, Esq.
Starnes & Atchison LLP
Post Office Box 598512
Birmingham, AL 35259-8512


/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)