IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO. 2:05 cv 1088-WKW |
| CONEXANT SYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

### RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

COMES NOW the defendant, **CONEXANT SYSTEMS, INC.**, and in response to plaintiff's First Requests for Admission says as follows:

1. Admit that Conference America terminated its August 1, 1999 Price Protection Program Agreement with Conexant, in accordance with that agreement's terms, on June 24, 2005.

   **RESPONSE:** **Admitted to the extent that R. M. Pirnie authored a letter dated June 24, 2005, for overnight delivery the following day to Mr. Thomas C. Noonan, which is Exhibit "K" to the plaintiff's Complaint, and that this was received on June 25, 2005 by Conexant. Conexant denies, however, that it assented in any way to the second paragraph of Mr. Pirnie's letter addressing Conference America's terms and conditions on its website. Rather, Conexant admits only that Conference America terminated the August 1, 1999 Price Protection Program Agreement with Conexant, via Mr. Pirnie's letter of June 24, 2005.**

2. Admit that, on June 24, 2005, Conference America informed Conexant that any services used or requested from Conference America by Conexant after termination of the August 1, 1999 Price Protection Program Agreement would be made available only on and subject to Conference America's terms, conditions, and prices appearing on tis website.

   **RESPONSE:** **Admitted to the extent of the language used in the letter from R. M. Pirnie, dated June 24, 2005, to Mr. Thomas C. Noonan, attached as**

{B0589816}

Exhibit "K" to Conference America's Complaint, but Conexant denies that it in any way assented to paragraph 2 of Mr. Pirnie's letter addressing terms and conditions on Conference America's website.

3. Admit that, prior to July 31, 2005, Conexant did not notify Conference America of any objection to Conference America's terms, conditions, and prices appearing on its website.

**RESPONSE: Denied.**

4. Admit that, on July 20, 2005, Conexant requested that Conference America deactivate all Conexant conferencing accounts with Conference America on July 31, 2005.

**RESPONSE: Admitted to the extent of the language contained in the e-mails sent by Paul Edge of Conexant on July 20, 2005, which are Exhibits "Q", "R" and "S" to Conference America's Complaint, wherein he requested that Conference America disconnect Conexant conferencing accounts by July 31, 2005.**

5. Admit that Conference America deactivated all of Conexant's conferencing accounts with Conference America.

**RESPONSE: Conexant cannot truthfully admit or deny this request, as it is without information or knowledge to confirm that the plaintiff "deactivated all of Conexant's conferencing accounts with Conference America." Conexant was led to believe via earlier communications that Conference America had in fact deactivated/canceled a number of Conexant conferencing accounts, per Conexant's request, with no deactivation fee or cancellation fee of any sort ever being applied.**

6. Admit that Conference America's website terms, conditions, and prices states that Conference America charges customers a deactivation maintenance fee of "$74.95 per leader account."

**RESPONSE: Admitted to the extent that Exhibit "A" to the plaintiff's Complaint does contain such language.**

Joseph S. Miller, MIL067
Attorney for Defendant

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the 21st day of April, 2006.

OF COUNSEL

cc:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA  30308-2216

23024

{B0589816}