IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CONFERENCE AMERICA, INC.,        )
                                 )
          Plaintiff,             )
                                 )
vs.                              )
                                 )      CASE NO. 2:05 cv 1088-WKW
                                 )
CONEXANT SYSTEMS, INC.,          )
                                 )
          Defendant.             )
                                 )

**DEFENDANT'S SUPPLEMENT TO ITS RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

COMES NOW the defendant **CONEXANT SYSTEMS, INC.**, who pursuant to

the Court's Order entered at the pretrial conference on September 21, 2006, supplements

its previously filed Response to the plaintiff's Motion for Summary Judgment, as

follows:

The plaintiff's theory is one under applicable law of unilateral contract, and

alleged breach thereof.   As indicated in the oral argument before the Court on

September 21, 2006, the past "course of dealing" between Conference America and

Conexant is pertinent to the analysis of whether there was a unilateral contract that

Conexant breached.  At the very least, this is a factual question for the jury to decide.  As

indicated in previous submissions, many of these conference calling accounts had been

disconnected/canceled/turned-off/deactivated in the past by Conference America, at

Conexant's request, with no deactivation fee ever being applied.  This was the past

"course of dealing" between the two companies regarding deactivating these accounts. Thus, it was completely reasonable for Conexant to rely on this past course of dealing.

An applicable case is the Alabama Supreme Court opinion of <u>Ex parte Amoco Fabrics & Fibers Co.</u>, 729 So. 2d 336 (Ala. 1998) (attached hereto as Exhibit "A"). In this case, the trial court granted summary judgment for the defendant/employer in a dispute as to whether the defendant's policy and procedure manual had created an employment contract under a theory of alleged breach of unilateral contract. The Alabama Court of Civil Appeals reversed the trial court, and the Alabama Supreme Court affirmed that opinion. The Supreme Court noted that the issue was whether the plaintiffs had presented substantial evidence to support their claim that the policy and procedure manual in question created an employment contract in order to prevent the defendant from laying off the plaintiffs without regard to seniority. <u>Id</u>. at 337. The defendant's policy and procedure manual did indeed contain a seniority policy regarding lay-offs. The plaintiffs filed suit when they were laid off without regard to their seniority.

The Alabama Supreme Court noted that, under its previous opinion of <u>Hoffman-La Roche, Inc. v. Campbell</u>, 512 So. 2d 725 (Ala. 1987), an employee handbook *may* become a binding unilateral contract. One of the requirements is that the "offer" contained in the handbook be adequately communicated to the plaintiff. The next question is whether the plaintiff/employee accepted the offer with their actions "after becoming aware of the offer." <u>Id</u>. at 339. The Alabama Supreme Court in <u>Ex parte Amoco</u> analyzed the past "course of dealings" in its analysis. The Court noted that the plaintiffs had indeed presented substantial evidence that the defendant employer had in

fact <u>followed</u> the seniority policy during their employment.  The Court noted that this past "course of dealings" evidence is in fact sufficient to create an offer such that an employee policy or handbook may become a unilateral contract offer.  <u>Id</u>. at 340.  The Court noted that one party "cannot unilaterally alter the terms of a contract after the contract has been made."  <u>Id</u>., <u>citing</u> <u>Kinmon v. J. P. King Auction Co.</u>, 290 Ala. 323, 276 So. 2d 569 (1973).

In the present dispute between Conference America and Conexant, the only discrete and firm communication of the "offer" of deactivation and a fee associated with that service occurred when Mr. Bob Pirnie, in behalf of Conference America, sent a letter to Conexant on October 21, 2005, actually providing a copy of the Terms and Conditions on the website for the first time.  (<u>See</u> Exhibit GG to Complaint).  This was months after Conexant had sent the two orders of July 15, 2005 and July 20, 2005 to disconnect the conferencing accounts in question.  Before that, on July 26, 2005, Mr. Pirnie had sent a letter to Conexant specifically referencing <u>www.yourcall.com</u>, but saying nothing about a deactivation fee.  (<u>See</u> Exhibit U to Complaint).  This too was <u>after</u> the two disconnect orders.[1]  Thus, there was no adequate "communication" of any **specific** reference to the deactivation fee, which could arguably be a unilateral contract offer before Conexant requested the disconnection of the accounts in question.

Additionally, as discussed in <u>Ex parte Amoco</u>, there must be substantial evidence that the purported promise in the alleged unilateral contract was relied on.  In <u>Ex parte</u>

---

[1]  Before these two communications, Conference America had made only non-specific references to its website and the Terms and Conditions contained therein.

Amoco, the Alabama Supreme Court noted that the plaintiffs had in fact continued their employment after they were adequately informed of the provision in the manual which was deemed to have constituted a unilateral contract offer.  The situation here is the reverse.  No one at Conexant ever relied in any way, or even looked at, the Terms and Conditions on the website after Mr. Pirnie made several general references to it before Conexant twice requested disconnection of the accounts.  To the contrary, no one at Conexant needed to do that due to the past "course of dealing" between the two companies.  Again, as pointed out in previous submissions, many of these conference call accounts had been canceled/turned off/disconnected in the past, with no deactivation fee being applied.  As such, no one at Conexant had any reason to think that the two instructions on July 15 and July 20, 2005 would be any different.

The Ex parte Amoco case is pertinent because it demonstrates the importance of the past "course of dealing" between the parties in a lawsuit such as this.  In Ex parte Amoco, the Alabama Supreme Court held that the plaintiffs had presented substantial evidence that the defendant's policy and procedure manual constituted a unilateral contract offer.  The past "course of dealing" was considered, and played a part in the Court's decision to affirm the Alabama Court of Civil Appeals, and remand the case to the trial court level for a submission to the trier of fact.  The present case is similar, as the facts before this Court demonstrate that there is a question of fact to be submitted to the trier of fact regarding the past "course of dealing" between the two companies relative to disconnecting conferencing accounts like the 1,778 in question, and whether there was agreement to any deactivation fees associated with that.

Conexant still maintains the position that its Motion for Summary Judgment is due to be granted, for the reasons stated in said motion, but would like the Court to consider the Ex parte Amoco opinion, particularly in reference to Conference America's Motion for Summary Judgment, and in reference to Conexant's own Motion for Summary Judgment as well.

**s/Joseph S. Miller**
Joseph S. Miller
Attorney for Defendant
ID #:  asb-4242-m60j
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL  35259-8512
Telephone:(205) 868-6049
Facsimile: (205)868-6099
E-mail:jsm@starneslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to he following:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA  30308-2216

Respectfully submitted,

**s/Joseph S. Miller**
Joseph S. Miller
Attorney for Defendant
ID #:  asb-4242-m60j
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL  35259-8512
Telephone:(205) 868-6049
Facsimile: (205)868-6099
E-mail:jsm@starneslaw.com