IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:05 cv 1088-WKW |
| | ) |
| CONEXANT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S VERIFIED STATEMENT OF REASONABLE EXPENSES AND LEGAL FEES**

COMES NOW the defendant **CONEXANT SYSTEMS, INC.**, who pursuant to the Court's Order entered September 10, 2007 responds to the plaintiff's Verified Statement of Reasonable Expenses and Legal Fees, awarded to the plaintiff, as follows:

1. The defendant objects to the awarding of attorneys' fees to the extent that they are:

   (a) Based on unreasonable excessive hourly rates;
   (b) Duplicative regarding tasks performed;
   (c) Unnecessary;
   (d) Represent internal communications between multiple attorneys in the same firm representing the plaintiff.

2. The defendant does not seek to invade the attorney/client privilege accorded the plaintiff and its counsel, but the defendant is simply unable to comment as to the reasonableness and necessity of the plaintiff's attorney billings provided to the Court, as they are mostly of a "block billing" type, wherein numerous tasks are grouped together and billed for under a single amount of time. Because of this, and because many

{B0763127}

of the entries are "blacked out," this defendant cannot make a judgment as to whether many of the entries represent reasonable and necessary efforts in representation of the plaintiff. Nonetheless, this defendant objects to the awarding of any legal fees for services which were not reasonable and necessary. The defendant simply cannot comment on this due to the "block billing" and "blacked out" areas of the billing provided.

3. The billing provided by the plaintiff contains, according to undersigned defense counsel's calculation, exactly 100.0 hours worth of billing which in some way is related to "research" or "legal research." Almost every one of these entries is of a "block billing" nature, such that the specific amount of time devoted to research cannot be determined.[1] Obviously all 100.0 hours were not devoted to legal research. The defendant objects to any research which was unnecessary, or excessive, but cannot comment other than to point out that it appears some of this research may have been unnecessary and/or excessive. The defendant cannot tell due to the "block billing" and "blacked out" areas.

4. The defendant objects to any duplicative services billed for. For instance, two attorneys for the plaintiff, RPW and TEB, both billed for attending the pretrial conference on February 23, 2006. RPW block billed for 7.1 hours. TEB billed 7.7 hours for travel and attendance at the pretrial conference. The defendant objects to attorneys'

---

[1] For instance, please see TEB entries of October 2, 2006, October 3, 2006, October 4, 2006 and October 5, 2006, wherein numerous hours include "research" and other matters, with blacked out entries.

{B0763127}

fees being awarded for both attorneys attending the same pretrial conference. Only one attorney is necessary.

5. Although it cannot tell from the "block billing" nature of the billing entries, the defendant objects to any unnecessarily lengthy efforts at drafting and revising the Complaint. The bills provided by the plaintiff include entries for a total of 36.3 hours which in some way involved drafting or revising the Complaint. Again, these entries are all of a "block billing" nature, except for a 6.1 hour entry on October 29, 2005, so the defendant cannot determine the true number of hours involved in drafting and revising the Complaint, but would object to any amount of hours which the Court would deem as unnecessarily lengthy for these efforts.

6. The defendant objects to the awarding of any attorneys' fees which represent internal communications between multiple attorneys in the same firm representing the plaintiff. There are numerous such entries contained in the billing records provided. Unfortunately, they are almost all of a "block billing" nature, and the defendant therefore cannot determine the exact amount of time involved in such internal communications. The defendant would point out, however, that many litigation billing guidelines employed across the nation at this time by various companies do <u>not</u> allow for billing of such internal communications.

7. Finally, the defendant objects to the hourly rates employed by plaintiff's counsel, which involved an average of $498.00 per hour for one attorney and $260.00 per hour for the other attorney. These rates are excessive for the Montgomery, Alabama area. While the Verified Statement refers to publications concerning hourly billing rates

{B0763127}

(see ¶ 9 of Exhibit "A"), no information from those publications is attached. The defendant asserts that reasonable hourly rates for the two attorneys primarily representing the plaintiff for litigation in the Montgomery, Alabama area would be $300.00 per hour (partner) and $200.00 per hour (associate).

WHEREFORE, PREMISES CONSIDERED, the defendant requests the Court to decline to award the plaintiff its requested expenses and legal fees in the amount of $199,900.71, and to award a much smaller amount, subject to the objections described above, many of which the defendant simply cannot evaluate any further, due to the "block billing" and "blacked out" areas, as discussed above.

s/Joseph S. Miller
Joseph S. Miller
Attorney for Defendant
ID #:  asb-4242-m60j
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL  35259-8512
Telephone:  (205) 868-6049
Facsimile:  (205)868-6099
E-mail:  jsm@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to he following:

Thomas Ernest Borton, IV, Esquire
TROUTMAN SANDERS, L.L.P.
600 Peachtree Street, NE
5200 Bank of America Plaza
Atlanta, GA  30308-2216

{B0763127}

          Respectfully submitted,

          **s/Joseph S. Miller**
          Joseph S. Miller
          Attorney for Defendant
          ID #:  asb-4242-m60j
          STARNES & ATCHISON, LLP
          Post Office Box 598512
          Birmingham, AL  35259-8512
          Telephone:  (205) 868-6049
          Facsimile:  (205)868-6099
          E-mail:  jsm@starneslaw.com

{B0763127}